UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re CRAIG WILLIAM REUBER and
DANIELLE LESA REUBER,

                    Debtors.

                                                            Civil Case No. 10-13852
                                                            Honorable Patrick J. Duggan
_____/         (Bankruptcy Case No. 10-41559)

WILLIAM R. ORLOW,

                    Appellant,

v.

KRISPEN S. CARROLL, Chapter 13 Trustee,

                    Appellee.

_____/

## <u>OPINION AND ORDER</u>

William R. Orlow ("Appellant"), counsel for the Chapter 13 debtors, appeals the

bankruptcy court's order reducing his requested attorneys' fees to the presumptive, or "no

look," fee for Chapter 13 cases in the Eastern District of Michigan.  For the reasons that

follow, the bankruptcy court's order is vacated and remanded.

**I.      Background**

Appellant represented debtors Craig and Danielle Reuber ("Debtors") when they

filed for relief under Chapter 13 of the United States Bankruptcy Code on January 21,

2010.  The Bankruptcy Court confirmed Debtors' Chapter 13 Plan and signed on order of

confirmation on July 17, 2010.  Appellant subsequently filed an application for pre-

2:10-cv-13852-PJD-MKM   Doc # 13   Filed 03/23/11   Pg 2 of 9   Pg ID 61

confirmation attorneys' fees and costs pursuant to Eastern District of Michigan Local Bankruptcy Rules 2016-1(a) and 9014-1. (Appellant Ex. T.) Appellant sought fees in the amount of $6,191.45 and costs of $87.41, and indicated that the balance of the retainer on hand was $2,500.00. (*Id*.) Appellant's fees reflected 25.2 hours expended by attorneys at hourly rates ranging from $185 to $260 and 11.9 hours expended by "paraprofessionals" at hourly rates ranging from $52 to $80.

Chapter 13 Trustee Krispen S. Carroll ("Appellee") asserted six objections to Appellant's fee application. (Appellant Ex. U.) Appellee's first objection concerned the reasonableness of the total fees requested due to attorney error in the initial preparation of the "[C]hapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income" or "Means Test". Appellee's remaining objections related to specific time entries which Appellee claimed were excessive or not billable. Appellee did not object to the hourly rates billed by Appellant.

Eastern District of Michigan Bankruptcy Judge Steven W. Rhodes, who presided over Debtors' Chapter 13 case, scheduled a hearing with respect to Appellant's fee application for September 15, 2010. At the September 15 hearing, Appellee focused on its first objection concerning the reasonableness of the total hours expended on the matter. (Appellant Ex. GG.) Appellee argued that attorney error in the initial preparation of the Means Test resulted in multiple adjournments and the unnecessary expenditure of time. (*Id*.) Appellee therefore asked Judge Rhodes to award no more than $3,000 in fees to Appellant. (*Id*.)

2

In response, Appellant first indicated that it had offered a substantial reduction in its fees based on Appellee's second through sixth objections but that it could not reach an agreement with Appellee on the amount of the reduction. (*Id*.) As to Appellee's first objection, Appellant argued that errors related to the Means Test were not the sole cause of the additional time and work required in the Debtors' case. (*Id*.) Appellant pointed out that Appellee had fifteen total objections to the Chapter 13 Plan proposed by Debtors and only two or three related to the Means Test. (*Id*.)

At the close of the hearing, Judge Rhodes held that the circumstances of the case "don't justify any fee above $3,000, and even that's generous, so that's what the Court will approve." (*Id*. at 10.) Judge Rhodes stated the following before reaching that conclusion:

> [Appellee]'s recitation explains precisely what's wrong with the lodestar method of calculating fees. It rewards mistakes or at least can unless the process somehow corrects them and addresses them in the fee context.
>
> [Appellee]'s presentation to the Court establishes a substantial mistake here in the [M]eans [T]est form that, "A," shouldn't have been made in the first place, and "B," should have been corrected much earlier in the process in order to, "A," expedite the proceedings, and "B," control attorney fees.
>
> The Court must further express some disappointment that an attorney as experienced as the attorney is here was not able or willing, whichever, to see the merit of [Appellee]'s position on his own with a view towards resolving this so that this public explication of this matter could be avoided.

(*Id*. at 9.) On September 24, 2010, Judge Rhodes entered a written order awarding Appellant pre-confirmation fees totaling $3,000, minus the $2,500 retainer. (Appellant Ex. W.)

3

Appellant filed a notice appealing Judge Rhodes' order on September 27, 2010.

## II.    Standard of Review

A reviewing court must leave a bankruptcy court's award of fees undisturbed unless there has been an abuse of discretion. *In re Boddy*, 950 F.2d 334, 336 (6th Cir. 1991). The Sixth Circuit has defined this standard of review as follows:

> "An abuse of discretion is defined as a 'definite and firm conviction that [the court] below committed a clear error of judgment.' The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Mayor & City Council v. W. Va. (In re Eagle-Picher Indus., Inc.)*, 285 F.3d 522, 529 (6th Cir. 2002). The bankruptcy court's decision, under this standard, will only be disturbed if it "relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard." *[Elec. Workers Pension Trust Fund of Local Union #58 v. Gary's Elec. Serv., Co.*, 340 F.3d 373, 378 (6th Cir. 2003)] (citing *Blue Cross & Blue Shield Mut. v. Blue Cross & Blue Shield Ass'n*, 110 F.3d 318, 322 (6th Cir. 1997)).

*In re Williams*, 357 B.R. 434, 437 (B.A.P. 6th Cir. 2007).

## III.    Applicable Law and Analysis

Appellant contends on appeal that the bankruptcy court committed reversible error in failing to award Appellant reasonable attorneys' fees pursuant to the "lodestar" method. Appellee counters that the bankruptcy court properly reduced the fee award to a flat fee based on Appellant's failure to fully and accurately complete the Means Test which Appellee claims, and the bankruptcy court found, caused delay in confirmation and needlessly drove up the attorneys' fees.

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 provides

4

that professionals may be awarded "reasonable compensation for actual, necessary services rendered . . .." 11 U.S.C. § 330(a)(1)(A). The statute further provides that "[i]n a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." *Id.* § 330(a)(4)(B). The relevant factors identified include, but are not limited to:

> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3). The statute further provides that the bankruptcy court shall not allow compensation for "(i) unnecessary duplication of services; or (ii) services that were not– (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." *Id.* § 330(a)(4)(a).

5

The Bankruptcy Court for the Eastern District of Michigan has promulgated Local Rule 2016-1 setting forth the required contents of an application by an attorney for compensation and reimbursement under § 330.  E.D. Mich. LBR 2016-1.  Subsection (a) of the rule sets forth various and substantial information and exhibits that must be included with an application.  *Id*.  Like a number of bankruptcy courts (*see Williams*, 357 B.R. at 439 and n.3), the Bankruptcy Court for the Eastern District of Michigan allows attorneys to avoid providing detailed information by agreeing to a presumptive or "no look" fee.  E.D. Mich. LBR 2016-1(e).  That fee is $3,500.  The Sixth Circuit Court of Appeals has held, however, that when an attorney submits an application for attorney's fees exceeding $3,500 that is based on the hours expended by the attorney and the attorney's hourly rate, it is an abuse of discretion for the bankruptcy court to reduce the fees requested to the "no look" amount without evaluating the reasonableness of the request under the "lodestar" method.  *Boddy*, 950 F.2d 334.

In *Boddy*, the Sixth Circuit mandated the lodestar method as the proper method for calculating the amount of attorney's fees that should be awarded pursuant to § 330.  The lodestar amount is calculated by multiplying the attorney's reasonable hourly rate by the number of hours reasonable expended.  *Id*. at 337.  The bankruptcy court may consider other factors, such as those set forth in § 330, "as long as it expressly discusses these factors in light of the reasonable hours actually worked and a reasonable hourly rate."  *Id*. at 338.

In *Boddy*, the Chapter 13 debtors' attorneys sought interim compensation of

6

$1,156.00. *Id.* at 335. The bankruptcy court awarded the attorneys $300, relying on the maximum attorney's fee considered to be "normal and customary" for a Chapter 13 case in the district. *Id.* The Sixth Circuit vacated the award because the bankruptcy court employed the "normal and customary" standard to determine the fee award and "[n]o effort was made to determine a reasonable hourly rate for the particular attorney handling the case and then multiply that rate by the reasonable hours worked on the case." *Id.* at 337. Although recognizing that "bankruptcy courts certainly know the typical compensation paid for legal services in a Chapter 13 case better than th[e court of appeals]," the Sixth Circuit reasoned that "the establishment of a fixed fee for certain 'normal and customary' services is directly contrary to the plain 'actual necessary services rendered' language of 11 U.S.C. § 330." *Id.* Using a fixed fee, the court held, "was an abuse of discretion by the bankruptcy court because it applied an improper legal standard." *Id.*

Finding the case before it controlled by *Boddy*, the Sixth Circuit Bankruptcy Appellate Panel in *Williams* reversed the bankruptcy court's reduction of the attorney's requested fees to the presumptive or "no look" fee in effect in the district. 357 B.R. 434. In *Williams*, the attorney representing Chapter 7 debtors sought attorney's fees in the amount of $1,933.32 and $252.72 in expenses. *Id.* at 438. The Bankruptcy Court for the Northern District of Ohio reduced the attorney's compensation to $850, which was the presumptive fee in the district at the time. *Id.* Although acknowledging that the bankruptcy court discussed some of the factors subsumed in the lodestar analysis, such as

7

the novelty and difficulty of the issues presented, the bankruptcy appellate panel vacated
the fee award because the court "did not *expressly* calculate the lodestar amount by using
the Sixth Circuit mandated methodology." *Id*. at 440 (emphasis in original.)

Relying on the mandate set forth in *Boddy*, the bankruptcy appellate panel
indicated that "'[a]t a minimum . . . the bankruptcy courts must expressly calculate the
lodestar amount when determining reasonable fees.'" *Id*. (quoting *Boddy*, 950 F.2d at
338). Reviewing the bankruptcy court's decision, the appellate court found:

> The bankruptcy court did not determine the Appellant's reasonable hourly
> rate. Nor did the court explain which hours detailed in the Appellant's fee
> application were disallowed and why. The court focused instead on
> whether the tasks completed were above and beyond what it expected to be
> included in the presumptive fee.

*Id*. By doing so, the bankruptcy appellate panel held, the court applied an improper legal
standard and abused its discretion. *Id*.

As in *Boddy* and *Williams*, there is no indication in the bankruptcy court record
that Judge Rhodes analyzed the hours expended by attorneys and paraprofessionals or the
hourly rate of those attorneys and paraprofessionals as set forth in Appellant's fee
application. The only rationale that Judge Rhodes provided for reducing the fee award
was a mistake in the Means Test which he found Appellant should not have made in the
first place, should have been corrected more quickly, delayed the proceedings, and
increased the attorney's fees. *Boddy* and *Williams* lead this Court to find that the
bankruptcy court applied an improper legal standard in determining the amount of
attorney's fees and therefore abused its discretion.

Accordingly,

**IT IS ORDERED**, that the bankruptcy court's September 17, 2010 Order

Granting Application for Pre-Confirmation Fees is **VACATED**;

**IT IS FURTHER ORDERED**, that this matter is **REMANDED** to the

bankruptcy court for a determination of appropriate attorney's fees in accordance with

this Opinion and Order.

Dated: March 23, 2011                    s/PATRICK J. DUGGAN
                                         UNITED STATES DISTRICT JUDGE

Copies to:
William R. Orlow, Esq.
C. Jason Cardasis, Esq.
Krispen S. Carroll, Esq.
Margaret Conti Schmidt, Esq.
Honorable Steven W. Rhodes